IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,176-01, WR-77,176-02 & WR-77,176-03






EX PARTE ROBERT ROMO, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. F-2008-0912-C, F-2008-0913-C & F-2008-0914-C 


IN THE 211TH JUDICIAL DISTRICT COURT

FROM DENTON COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in a single trial
of three charges: two charges of possession of a controlled substance in a drug free zone, and one
charge of possession of marihuana in a drug free zone. Applicant was sentenced to seven years'
imprisonment in the -01 case, five years' imprisonment in the -02 case, and twenty years'
imprisonment in the -03 case. The Second Court of Appeals affirmed his convictions. Romo v.
State, Nos. 02-09-153-CR, 02-09-154-CR & 02-09-155-CR (Tex. App. - Fort Worth, April 8, 2010,
pet ref'd).

 Applicant contends, inter alia, that his trial and appellate counsel rendered ineffective
assistance because counsel failed to investigate applicable law and facts, did not have command of
pre-trial and trial procedures, and filed an appeal based on inapplicable and outdated law. 
Applicant's counsel at trial and on appeal has filed an affidavit responding to some of Applicant's
allegations, and the trial court has entered findings of fact and conclusions of law. However, not all
of Applicant's allegations are addressed by counsel's affidavit, and not all of the trial court's findings
and conclusions are supported by the record before this Court.

 Applicant was originally charged in two indictments with possession of a controlled
substance and possession of marihuana. The defense filed a motion to suppress evidence, and a
visiting judge conducted a hearing on the motion. The visiting judge denied the motion to suppress,
and entered findings of fact, which are in the appellate record. Subsequently, the State dismissed
the two indictments, and re-indicted Applicant on the same charges with the addition of a drug free
zone allegation in both cases, and added an additional charge of possession of a controlled substance
in a drug free zone. Counsel filed a motion to carry the motion to suppress from the prior
indictments along with the new indictments. The trial court afforded counsel an opportunity to re-urge the motion to suppress prior to trial, but trial counsel stated instead that he would object at trial. 
 The habeas record and counsel's affidavit both indicate that the State filed notice of its intent
to seek an affirmative deadly weapon finding two days before the beginning of trial. The habeas
record contains a copy of the notice filed by the State in one of the three cases, but does not contain
copies of the notice in the other two cases. The record does not show that counsel objected to the
notice as untimely or requested a continuance to address the affirmative deadly weapon issue. 
Counsel did ask the trial court to "limine that out," which the trial court denied.

 The appellate record provided by the Second Court of Appeals contains only excerpts from
the trial transcript in these cases. It does contain a transcription of a hearing on the defense's motion
to suppress evidence in the two original charges, and of the pre-trial hearing in which counsel asked
to carry the motion to suppress with trial. It does not appear, from the excerpts of the trial transcripts
contained in the appellate record, that counsel objected to the introduction of the evidence obtained
in the search when the State presented the evidence. After the State had presented the evidence,
counsel sought to re-urge the motion to suppress in a hearing outside the presence of the jury. The
trial court denied the motion to suppress. 

 Counsel also represented Applicant on direct appeal in these three cases. Three out of the
four points of error raised in the appellate brief were taken directly from the appellate brief in the
case relied upon by trial counsel in his unsuccessful motion to suppress evidence. That case, Kann
v. State, 694 S.W.2d 156 (Tex. App. - Dallas, May 22, 1985), although factually similar in some
respects to Applicant's cases, was distinguishable largely on the basis of intervening case law, as
discussed in the appellate opinion in this case. Kann v. State was almost twenty-five years old at the
time of Applicant's appeal. In his affidavit, counsel states that he did rely on Kann, both before the
jury trial and in his appellate brief. Counsel states that he also "relied on and cited controlling
authority on over 25 other different cases and statutes in his brief." 

 Three out of the four points of error raised in appellate counsel's brief did not cite any cases
or address any intervening changes in the law, but simply repeated the argument and citations from
Kann. The third point of error was rejected by the court of appeals on the basis that it was not raised
in Applicant's motions to suppress, and was therefore unpreserved. In support of his fourth point
of error, which challenged the trial court's denial of special issues requested by the defense, counsel
did cite to two more recent cases but did not cite to the applicable statute, Article 38.23 of the Texas
Code of Criminal Procedure.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall hold a live hearing. The trial court shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a complete copy of the trial
transcript in these cases. The trial court shall make findings of fact as to whether the visiting judge's
ruling on the motion to suppress evidence filed in the later-dismissed cases constituted a pre-trial
ruling on the motion to suppress in these three cases. If not, the trial court shall make findings as
to whether counsel objected at the earliest possible opportunity to the introduction of the evidence
which was the subject of the motion to suppress. 

 The trial court shall make findings as to whether counsel was aware of the possibility of a
drug free zone allegation being made in these cases, and if so, whether counsel advised Applicant
of that possibility at the time Applicant declined the State's plea offers. The trial court shall make
findings of fact as to whether any plea offers were made by the State after the cases were dismissed
and reindicted with the addition of the drug free zone allegations and the third charge. 

 

 The trial court shall make findings of fact as to whether counsel objected or requested a
continuance on the basis of insufficient notice when the State provided notice of its intent to seek
affirmative deadly weapon findings two days before trial. 

 The trial court shall make findings as to whether counsel's performance at trial and on appeal
was deficient, and if so, whether such deficiencies prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 25, 2012

Do not publish